1  ADAM S. HAMBURG, Bar No. 247127
   ahamburg@pnbd.com
2  PRENOVOST, NORMANDIN, BERGH & DAWE
   A Professional Corporation
3  2122 North Broadway, Suite 200
   Santa Ana, California 92706-2614
4  Phone No.:   (714) 547-2444
   Fax No.:     (714) 835-2889
5       8150.0053

6  Attorneys for FIRESIDE BANK, a California corporation; and
   DEALER SERVICES CORPORATION, a Delaware corporation
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | GREAT AMERICAN INSURANCE          ) | Case No. CO8-04192   JCS
   | COMPANY, an Ohio corporation,     ) |
12 |                                   ) | **STIPULATION FOR RELEASE OF FUNDS**
   |                 Plaintiff,        ) | **AND DISMISSAL; AND ORDER THEREON**
13 |                                   ) |
   | v.                                ) | Complaint Filed:   September 4, 2008
14 |                                   ) |
   | MARIA C. PENALOZA, an individual, ) |
15 | DEALER SERVICES CORPORATION, a    ) |
   | Delaware corporation, WACHOVIA DEALER ) |
16 | SERVICES, INC., a California corporation, ) |
   | WESTLAKE FINANCIAL SERVICES, INC., a ) |
17 | California corporation, FIRESIDE BANK, a ) |
   | California corporation, FOREMAN   ) |
18 | FINANCIAL, INC., a California corporation, ) |
   | CHALLENGE FINANCIAL SERVICES, INC., a ) |
19 | California corporation, CIG FINANCIAL, a ) |
   | California corporation, CREDIT ONE ) |
20 | CORPORATION, a California corporation, ) |
   | AUTO BUYLINE SYSTEMS, INC., a California ) |
21 | corporation, MARIA C. PENALOZA, an ) |
   | individual, STATE OF CALIFORNIA   ) |
22 | DEPARTMENT OF MOTOR VEHICLES, a ) |
   | state agency, and DOES 1-100, inclusive, ) |
23 |                                   ) |
   |                 Defendants.       ) |
24 |                                   ) |
   |_____) |
25

26 ///

27 ///

28 ///

                                    1

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

THIS STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL ("Stipulation") is made by and among GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation ("GAIC"); DEALER SERVICES CORPORATION, a Delaware corporation, ("DSC"); FIRESIDE BANK, a California corporation ("FIRESIDE"); WACHOVIA DEALER SERVICES, INC., a California corporation ("WDS"); CHALLENGE FINANCIAL SERVICES, INC, a California corporation ("CHALLENGE"); and the CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, ( the "DMV")(collectively the "Parties") as follows:

1. **RECITALS**.

1.1  Whereas, disputes have arisen between the Parties to this Stipulation which are reflected in the Complaint in Interpleader filed in the United States District Court, Northern District of California as case number C08-04192 on September 4, 2008 by Plaintiff GAIC, which alleged, among other things, that DSC, FIRESIDE, WDS, CHALLENGE and the DMV, have made claims against that certain Surety Bond of Dealer # 397-89-17-980031 ("Bond") issued by GAIC pursuant to the California *Vehicle Code* § 11710 *et seq.*, in which RODRIGO HOLGUIN dba DIAMOND AUTO SALES is named as principal. The allegations of the Complaint are incorporated by reference herein for informational purposes only.

1.2  Whereas each Party to the dispute has denied, and continues to deny, the material allegations and claims of the other Parties against it.

1.3  Whereas, the Bond amount is $50,000.00.

1.4  Whereas, the Parties agree that GAIC is entitled to recover its attorney's fees and costs from the Bond corpus pursuant to *Code of Civil Procedure* § 386.6, and has incurred attorney's fees and costs in the amount of $4,982.00. After deducting GAIC's fees and costs, the balance remaining on the Bond is $45,018.00.

1.5  Whereas, DSC's claim is in the amount of $52,150.00;

1.6  Whereas, FIRESIDE's claim is in the amount of $31,088.09;

1.7  Whereas, WDS's claim is in the amount of $118,536.28;

1.8  Whereas, CHALLENGE's claim is in the amount of $31,149.61; and

1.9  Whereas, the DMV's claim is in the amount of $145.00.

1.10  Whereas, all other claimants have either been defaulted or dismissed from the action.

**2.     NOW, THEREFORE, IN VIEW OF THE FOREGOING AND FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

2.1     Each party hereto agrees that GAIC shall receive its attorney's fees and costs in the full amount of $4,982.00.

2.2     Each party hereto agrees and stipulates that the balance of the Bond shall be paid and released to the Parties and to no others in full satisfaction of each's Bond claim as follows:

   a.     DMV shall receive $145.00, which represents the entire amount of its claim.

   c.     DSC shall receive 22.38% of the Bond balance in the amount of: $10,042.57;

   d.     FIRESIDE shall receive 13.34% of the Bond balance in the amount of: $5,986.05;

   e.     WDS shall receive 50.91% of the Bond balance in the amount of: $22,844.86; and

   f.     CHALLENGE shall receive 13.37% of the Bond balance in the amount of: $5,999.52.

2.3     Upon payment of the Bond balance, the Parties hereto further stipulate and agree that all the Parties shall be dismissed from the action with prejudice.

2.4     The Parties agree that each party, with the exception of GAIC shall bear its own attorney's fees and costs in the litigation.

2.5     This Agreement is entered into by the Parties solely for the purpose of settling the Bond claims described in the Complaint. It does not constitute, nor shall it be construed as an admission by any Party of the truth or validity of any allegations asserted.

**3.     RELEASE OF CLAIMS.**

3.1     Each Party and each's respective successors, assigns, agents, directors, officers, employees, representatives and attorneys hereby fully and expressly release and discharge one another and each's respective successors, assigns, agents, directors, officers, parent company, affiliates, subsidiaries, employees, representatives and attorneys from all liability for all present and future rights, claims, demands and actions, known or unknown, either of them now have, or may hereafter have, against one another arising out of the Complaint. Further, the Parties, expressly acknowledge and agree that none of them would enter into this Stipulation but for the representation and warranty of the other that they are releasing any and all claims of any nature whatsoever, whether statutory or at common law, which any of them may believe any of them

3

now has or could assert directly or indirectly against the other arising out of the circumstances alleged in the Complaint in Interpleader.

3.2     The Parties hereto acknowledge that they may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the Complaint, which lead to the execution of this Stipulation. The Parties agree that this Stipulation shall be, and remain, effective in all respects for all purposes, notwithstanding any such different or additional facts.

3.3     The Parties hereto expressly state that the release described above shall inure to the benefit of the successors and assigns of one another and shall be binding upon the successors and assigns of one another.

**4.     THE PARTIES FURTHER REPRESENT, WARRANT AND COVENANT AS FOLLOWS:**

4.1     Each individual who is a signatory to this Stipulation warrants that he/she has the authority to enter into this Stipulation on behalf of himself or the legal entity that is a party to the Stipulation. In the event that the party is a corporation, he/she represents that he/she is an authorized agent of the corporation and further, that the corporation has complied with all corporate formalities necessary to bind the corporation to the terms of this Stipulation.

4.2     Each Party to this Stipulation acknowledges that it has executed this Stipulation freely and that no claims or inducements have been extended to any of them to execute this Agreement except as otherwise set forth herein.

4.3     Each Party to this Stipulation acknowledges, warrants and represents that none of them has assigned its claim hereunder to any other third person or entity at or before the time of execution of this Stipulation.

4.4     Each Party to this Stipulation represents and understands that she/it has carefully read the Stipulation and understands the contents thereof, and agrees to the terms of this Stipulation without reservation of any kind.

4.5     Each Party has received or had the opportunity to receive independent legal advice from its attorneys, with respect to the advisability of making this transaction provided for herein, with respect to the advisability of executing this Stipulation.

4.6     This Stipulation shall be binding upon and inure to the benefit of the heirs, personal representatives, successors or assigns of the parties hereto.

4.7     This Stipulation constitutes the entire contract between the Parties and cannot be modified or supplemented except in writing. Further, the terms of this Agreement shall supersede all prior or contemporaneous communications, verbal or written, on the subject matter of this Agreement.

4.8     This Stipulation shall be governed and construed according to the law of the State of California, and the parties hereto agree to submit to the jurisdiction of the Courts thereof.

4.9     The obligations, representations, warranties and other terms and conditions hereof, shall survive the termination of this Stipulation, and shall be enforceable thereafter.

4.10    Each provision of this Stipulation shall be severable from each other provisions of this Stipulation for the purpose of determining the legal and enforceability of each provision.

4.11    This Stipulation may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be original, and all of which together shall constitute the same Agreement. The parties agree that facsimile signatures shall be deemed the originals, and shall be fully enforceable upon execution of all parties hereto.

4.12    The prevailing Party in any action or proceeding to interpret or enforce this Stipulation, or any of its terms, shall be entitled, in addition to any judgment or award upon such action or proceeding, to an award for all costs and expenses, including court costs and attorney's fees.

DATED:                                          **GREAT AMERICAN INSURANCE COMPANY**


By_____


(signatures continued on the following page)

Case 3:08-cv-04192-JCS   Document 57   Filed 02/23/09   Page 6 of 13

FROM JOHN FALLAT                                    (TUE)FEB  3 2009 15:14/ST. 15:14/NO. 6334861672 P 1
Jan 31 09 09:14a     GAI Bond Claims                          205 301 0512            p.2
JAN.28'2009 16:37  4154572667          john l fallat                      #5804 P.007

4.6   This Stipulation shall be binding upon and inure to the benefit of the heirs, personal representatives, successors or assigns of the parties hereto.

4.7   This Stipulation constitutes the entire contract between the Parties and cannot be modified or supplemented except in writing. Further, the terms of this Agreement shall supersede all prior or contemporaneous communications, verbal or written, on the subject matter of this Agreement.

4.8   This Stipulation shall be governed and construed according to the law of the State of California, and the parties hereto agree to submit to the jurisdiction of the Courts thereof.

4.9   The obligations, representations, warranties and other terms and conditions hereof, shall survive the termination of this Stipulation, and shall be enforceable thereafter.

4.10  Each provision of this Stipulation shall be severable from each other provisions of this Stipulation for the purpose of determining the legal and enforceability of each provision.

4.11  This Stipulation may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be original, and all of which together shall constitute the same Agreement. The parties agree that facsimile signatures shall be deemed the originals, and shall be fully enforceable upon execution of all parties hereto.

4.12  The prevailing Party in any action or proceeding to interpret or enforce this Stipulation, or any of its terms, shall be entitled, in addition to any judgment or award upon such action or proceeding, to an award for all costs and expenses, including court costs and attorney's fees.

DATED:                          GREAT AMERICAN INSURANCE COMPANY

                                By _____
                                   BOND CLAIM DIRECTOR

                          (signatures continued on the following page)

5

STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON
F:\DOCS\21900\053\Pld 002 Stipulation.wpd

```
 1 | DATED: 2/5/09                FIRESIDE BANK
 2 |
 3 |                              By_____
 4 |
 5 |
 6 | DATED:                       WACHOVIA DEALER SERVICES
 7 |
 8 |                              By_____
 9 |
10 |
11 | DATED:                       CHALLENGE FINANCIAL SERVICES, INC.
12 |
13 |                              By_____
14 |
15 |
16 | DATED:                       THE CALIFORNIA DEPARTMENT OF MOTOR
                                  VEHICLES
17 |
18 |
19 |                              By_____
20 |
21 | DATED: 2/5/2009              DEALER SERVICES CORPORATION
22 |
23 |
24 |                              By:_____
25 |
26 |
27 |
28 |
```

6

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

I:\DOCS\8150\053\Pld 002 Stipulation.wpd

| | |
|---|---|
| DATED: | **FIRESIDE BANK** |
| | By_____ |
| DATED:<br>2/5/09 | **WACHOVIA DEALER SERVICES**<br>By _(signature)_ |
| DATED: | **CHALLENGE FINANCIAL SERVICES, INC.**<br>By_____ |
| DATED: | **THE CALIFORNIA DEPARTMENT OF MOTOR VEHICLES**<br>By_____ |
| DATED: | **DEALER SERVICES CORPORATION**<br>By:_____ |

6
STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON
I:\DOCS\8150\053\Pld 002 Stipulation.wpd

| | |
|---|---|
| 1 DATED: | FIRESIDE BANK |
| 2 | |
| 3 | By_____ |
| 6 DATED: | WACHOVIA DEALER SERVICES |
| 8 | By_____ |
| 11 DATED: | CHALLENGE FINANCIAL SERVICES, INC. |
| 12  1-27-09 | |
| 13 | By _[signature]_____ |
| 16 DATED: | THE CALIFORNIA DEPARTMENT OF MOTOR VEHICLES |
| 19 | By_____ |
| 21 DATED: | DEALER SERVICES CORPORATION |
| 24 | By:_____ |

6
STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON
I:\DOCS\8150\053\Pld 002 Stipulation.wpd

| | |
|---|---|
| DATED: | **FIRESIDE BANK** |
| | By_____ |
| DATED: | **WACHOVIA DEALER SERVICES** |
| | By_____ |
| DATED: | **CHALLENGE FINANCIAL SERVICES, INC.** |
| | By_____ |
| DATED: 2/5/09 | **THE CALIFORNIA DEPARTMENT OF MOTOR VEHICLES** |
| | By _[signature]_ |
| DATED: | **DEALER SERVICES CORPORATION** |
| | By:_____ |

# ORDER

**IT IS HEREBY ORDERED** that the Clerk of the Court shall disburse the balance of the Bond now deposited with this Court as follows:

1. $ 4,982.00 payable to Great American Insurance Company.
2. $ 145.00 payable to the California Department of Motor Vehicles.
3. $ 10,042.57 payable to Dealer Services Corporation.
4. $ 5,986.05 payable to Fireside Bank.
5. $ 22,844.86 payable to Wachovia Dealer Services.
6. $ 5,999.52 payable to Challenge Financial Services, Inc.

Disbursement checks shall be mailed care of each party's attorney of record. Upon disbursal, Plaintiff's Complaint in Interpleader shall be dismissed with prejudice.

Dated: February 23, 2009

JUDGE OF THE U... RE

Judge Joseph C. Spero

7

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

I:\DOCS\8150\053\Pld 002 Stipulation.wpd

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 2122 North Broadway, Suite 200, Santa Ana, California 92706-2614.

On **February 17, 2009**, I served the foregoing document described as: STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON on all interested parties in this action by placing [ ] the original [x] a true copy thereof enclosed in sealed envelopes addressed as follows:

Timothy John Tomlin
Law Offices of John L. Fallat
523 Fourth Street, Suite 210
San Rafael, CA 94901-3349

The document(s) was/were served by the following means (specify):

[ ] By personal service. I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

[X] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

    [ ] Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    [X] Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Santa Ana, California.

[ ] By overnight delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 2. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ] By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

[ ] By fax transmission. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. *(A copy of the record of the fax transmission, which I printed out, is attached.)*

[ ]     By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission
was unsuccessful.

    [ ]    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    [X]    (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **February 17, 2009**, at Santa Ana, California.

/s/
ADAM S. HAMBURG

## DECLARATION OF MESSENGER

**By personal service.**     I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed above.

(1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office.

(2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE:

_____        _____
(Name of Declarant)                    (Signature of Declarant)